THOMAS, J.
In this workers’ compensation appeal, the Employer/Carrier (E/C) argues that the Judge of Compensation Claims (JCC) erred in denying its statute of limitations defense and awarding benefits to Claimant. Because we agree the JCC erred in finding that the E/C was estopped from asserting a statute of limitations defense, we need not address the remaining issues raised by the E/C in this appeal.[1]
The facts in this case are undisputed. Claimant, a law enforcement officer, advised his supervisor on March 15, 2007, that he had been placed on light duty following a physical that revealed his blood pressure was elevated. His supervisor completed a notice of injury, which was received by the Employer’s workers’ compensation insurance carrier on March 23, 2007.
On March 26, 2007, the Carrier sent Claimant an “initial claim packet” via certified mail, and Claimant’s wife signed the certified mail receipt. The packet included the informational brochure approved by the Department of Financial Services entitled “Facts for Florida Injured Employees,” as required by section 440.185(4), Florida Statutes (2006). On October 18, 2011, Claimant filed a petition for benefits on account of the March 15, 2007, date of accident, which is beyond the two-year limitations period set forth in section 440.19(1), Florida Statutes (2006).[2]
In rejecting the E/C’s statute of limitations defense, the JCC found that the claim packet sent to Claimant by the E/C was so generic as to not provide meaningful information to Claimant, and the packet did not contain any information regarding the statutory presumption of causation afforded law enforcement officers under section 112.18(1), Florida Statutes (2006). The JCC also noted that the E/C did not authorize any medical treatment upon receiving notice of the claim; rather, the E/C *1102 fully controverted the claim with its April 4, 2007, notice of denial. On these bases, the JCC concluded that the E/C was es-topped from raising the statute of limitations defense provided in section 440.19(1).
The JCC erred both in finding the E/C failed to meet the requirements of section 440.185(4) and in finding that the E/C was otherwise estopped from raising the statute of limitations defense. Neither section 112.18(1) nor section 440.185(4), nor any other portion of chapter 440, requires the E/C to provide an injured worker any details regarding the presumption found in section 112.18(1). Here, the claim packet sent to Claimant included the pamphlet published by the Department of Financial Services, the item specifically referenced in and required by section 440.185(4). Hence, the legal basis for the JCC’s determination that the E/C did not meet the statutorily imposed requirement to provide Claimant with notice of his rights lacks merit. Because Claimant did not file a petition for benefits within the limitations period, and further, because the record does not support a finding that the E/C should otherwise be estopped from raising the statute of limitations defense, Claimant’s right to file a petition was barred by the statute of limitations as set forth in section 440.19(1).
REVERSED.
WETHERELL and RAY, JJ., concur.

. Oral argument was heard in this case on September 17, 2013. The order scheduling oral argument was electronically sent to counsel for the parties on August 7, 2013, through the "Casemail” function of the eDCA system in accordance with this Court’s Administrative Order 12-1, which stated that "[effective March 1, 2012, all orders ... issued by this court will be transmitted to registered eDCA users in electronic format only through a link provided via Casemail.” Appellants’ counsel appeared at oral argument and was permitted to argue. Appellee’s counsel, Andrea L. Wolfson, did not appear at oral argument. The Clerk of the Court reported to the panel that the docket showed that Ms. Wolfson had not opened the Casemail containing the order scheduling oral argument; that this Casemail was sent to Ms. Wolfson at the same email address as earlier transmissions that had been opened; and that the Clerk contacted Ms. Wolfson’s office and was advised that Ms. Wolfson was out of the state and unaware of the scheduled oral argument. Ms. Wolfson's failure to open the Casemail containing the order scheduling oral argument does not excuse her failure to appear at argument without notifying the court that she would not appear; like all registered eDCA users, Ms. Wolfson was responsible for keeping her eDCA email address current and actively monitoring that address for Casemail from this Court.

. Claimant also filed a petition for benefits based on an alleged September 13, 2011, date of accident, claiming hypertension and heart disease as his compensable injuries. The JCC denied compensability of the 2011 date of accident, finding Claimant was not disabled due to his hypertension and he did not have heart disease. Claimant did not cross-appeal this denial.